## Mantle, etc. v. Davie's Exr.

(Decided January 14, 1913.)

Appeal from Jefferson Circuit Court.
(Chancery Branch, Second Division.)

Wills—Construction of.—The testator disposed of certain pieces of his property as follows: ''I give and devise to my son, James S. Kalfus, for and during his life, and after his death in fee simple to his children or grandchildren if there should be any living at his death (but if there be none living at his death, the same shall pass to his brother and sister and their children or their

grandchildren, if there should be any living)." Held: The sister, at the time of her death, owned the fee simple in the property thus devised, as both of her brothers died before she did and left neither children nor grandchildren.

DAVIS W. EDWARDS, HUMPHREY & HUMPHREY, W. O. DAVIS, L. A. NUCKOLLS, for appellants.

CHARLES H. SHIELD, BENJAMIN F. WASHER, for appellee.

OPINION OF THE COURT BY JUDGE NUNN—Affirming.

The question upon this appeal is: What did J. W. Kalfus mean when he wrote clause four of his will? It is as follows:

"I give and devise to my son, James S. Kalfus, for and during his life, and after his death in fee simple to his children or grandchildren if there should be any living at his death—(but if there be none living at his death, the same shall pass to his brother and sister and their children or their grandchildren, if there should be any living)—the following pieces of property to wit," etc.

This court construed the second clause of this will in the case of Davie v. Davie, 26 Ky. L. R. 312, and the clause now under consideration is exactly like the second clause. In that case the court said:

"When a fair and reasonable construction is given to the language employed by the testator in all the clauses of the will, it is not difficult to understand what was intended by the testator in the use of the language employed in the second clause of the will, and this purpose can be ascertained without changing the word 'and' to 'or.'

"The devise to Southern Kalfus was made to him for life, and at his death to his brother and sister and their children or grandchildren, if either of them should be dead at the time the property passed from Southern Kalfus. The property was to go to the brother and sister if living at that time, if not, then to the children, etc. The testator evidently knew how to create a life estate, for in each of the devises to his children he expressly stated that he gave the property devised to them 'for life,' but in disposing of each of the interests in the event of the death of the devisee without children or grandchildren, he directed that such interest should pass to the surviving 'sister and brother,' and, understanding the words necessary to create a life estate, if he had intended that they should take only a life estate, he would

have added after the words 'brother and sister' the words 'for life.' ''

J. W. Kalfus left two sons and a daughter surviving him. The two sons died, leaving no child or grandchild, before the daughter, therefore, the property devised to the sons went, according to the will, to the daughter upon the death of the sons. If she had not been living at the time of their death, her children, if there had been any living, would have taken the property, and if she had left no children living, then her grandchildren would have taken. Therefore, appellants, Jessie D. Mantle and Ada B. Davie, who are the grandchildren of J. W. Kalfus' daughter have no claim under the will to the property left by their grandmother, as she took, upon the death of James S. Kalfus, the fee simple title to the property in which he held a life estate under the will.

This, we believe to be the proper construction of the clause above copied.

Judgment affirmed.